IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


DAVID OWEN                                          PLAINTIFF


        v.              Case No. 6:08-CV-6073


UNUM GROUP, INC.                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Unum Group's Motions for Summary Judgment (Docs. 15,18), Plaintiff David Owen's Response (Doc. 23), and Unum's Reply (Doc. 26). For the reasons reflected below, Unum's Motions are **GRANTED**.

### A. Standard of Review

Summary Judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986). "The non-moving party, however, must still 'present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [his] favor.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-04 (8th Cir. 2005). Under Local Rule 56.1(c) all

facts set forth in the statement of undisputed facts filed by the moving party will be deemed admitted unless controverted by the nonmoving party. When a non-moving party has a complete failure of proof concerning an essential element of its case, that renders all other facts immaterial concerning that claim. *Celotex*, 477 U.S. at 322-23.

## B. Facts & Discussion

On March 30, 2009, the Court granted Owen's request to hold Unum's Motions for Summary Judgment in Abeyance until June 26, 2009. During that period, either party could supplement its summary judgment submission. Neither party has supplemented their pleadings. Owen's Response (Doc. 23) opposes summary judgment, but includes no affidavits or other documents that set out specific facts as required by Rule 56(e). Therefore, the following facts, as submitted by Unum, are undisputed.

Plaintiff David Owen was an employee with the University of Arkansas at Little Rock ("UALR") who became completely disabled before age sixty. Owen then began collecting on his insurance disability policy with the Unum Group. There is no dispute as to the existence of the policy, Owen's payment of all applicable premiums, or prior payments by Unum. When Owen became age sixty-five, Unum ceased payments, claiming that the policy only allowed for payments until age sixty-five since Owen had become disabled before age sixty. Owen contends that the contract was

AO72A
(Rev. 8/82)

subject to an oral modification or another oral contract that required payments for life.

Unum has produced what it claims to be the written insurance policy between Unum and Owen, and Owen has not contested the accuracy or validity of the written policy. The policy provides for benefits until age sixty-five when the insured becomes disabled before age sixty. The policy also contains an integration clause reflecting that the written policy constitutes the complete contract. Finally, the contract requires an officer or registrar of Unum to approve any change in writing.

In the absence of any evidence giving credence to Owen's contentions of a contract modification or of an oral contract, the Court can only conclude that since Owen became disabled before age sixty, the contract only required payments until age sixty-five. Unum has therefore fulfilled its contractual obligations. Therefore, there is no genuine issue of material fact concerning breach of contract, and summary judgment is appropriate.

**C. Conclusion**

Unum Group's Motion for Summary Judgment (Doc. 15,18) is hereby **GRANTED** and Owen's Complaint is **DISMISSED WITH PREJUDICE.** No costs or fees are to be awarded.

IT IS SO ORDERED this 29th day of June, 2009.

Page 3 of 4

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)